IN THE CIRCUIT COURT OF UNION COUNTY, MISSISSIPPI

MICHAEL PINKERTON                                                          PLAINTIFF

VS.                                                  CAUSE NO. U-2007-024

FIRESTONE TIRE AND RUBBER COMPANY
AND FRANKIE BLACKMON CHEVROLET, INC.

                                                                          DEFENDANT

---

## COMPLAINT

---

Comes now, the Plaintiff, Michael Pinkerton, (hereinafter "Pinkerton"), complains of

Defendant(s) Firestone Tire and Rubber, Inc. and Frankie Blackmon Chevrolet, Inc., and respectfully

shows the Court:

### PARTIES

1.    Plaintiff Michael Pinkerton is a resident of Union County, Mississippi, and who

resides at his address 1610, Bryson, Street, Guntown 38849.

2.    Defendant Firestone Rubber and Tire, Inc. (hereinafter "Firestone") is a Corporation

existing under the laws of the the State of Ohio, and registered to conduct business within the State

of Mississippi and process can be served up its registered agent for service of process, CT

Corporation System, 1200 Firestone Parkway, Akron, Ohio, 44317.

3. Defendant Frankie Blackmon Chevrolet, Inc. ( hereinafter "Frankie Blackmon") is a

Mississippi Corporation and process can be served upon its registered agent for process, Albert G.

Delgadillo, 105 South Front Street, P.O. Box 7120, Tupelo, Mississippi.

### JURISDICTION

4.    Jurisdiction is proper within this court.

5.    Venue is proper in this court pursuant to Miss. Code. Ann. § 11-11-3; in this action

**FILED**

**EXHIBIT
"A"**

FEB 0 1 2007

PHYLLIS STANFORD
D CIRCUIT CLERK

occurred within Union County, Mississippi.

## FACTS

6.      At the time of the incident in question, Pinkerton owned a 2001 Isuzu Rodeo, tire

serial # W2C41PX056, which was built and sold by Isuzu Motor Company with Firestone Tire and

Rubber, Inc. as manufacturer for recalled tire. Prior to the tire failure and rollover in question, the

vehicle and tires were sold by Frankie Blackmon Chevrolet.

7.      On or about September 22, 2006, around 2:30 p.m. Pinkerton was driving his Rodeo

on Highway 348 in Union County, Mississippi, when the tread of one or more of his Firestone tires

separated. As a result, Pinkerton lost control of his Isuzu Rodeo and it left the roadway and crashed.

8.      Pinkerton sustained multiple and serious injuries in the crash, and property damage.

## STRICT LIABILITY FOR DEFECTIVE

9.      At all times material hereto, Firestone was in the business of designing,

manufacturing and marketing vehicle tires. As such, it used tire manufacturing technology, tire

design concepts and engineering expertise, and is thus the "manufacturer" of the tire in question. At

some point after its manufacture, Firestone released the tire in question into the stream of commerce.

By such action, Firestone became liable under the doctrine of strict liability in tort for injuries or

damages arising out of the design, manufacture or marketing of the tire.

10.     At the time the Firestone tires in question left Firestone, they contained a

manufacturing defect which rendered them unreasonably dangerous, that is: dangerous to an extent

beyond that which would be contemplated by the ordinary user of the product, with the ordinary

knowledge common to the community as to the tire's characteristics. Said manufacturing defect was

a producing cause of the occurrence and injuries and damages in question.

11.    At the time the Firestone tires in question left Firestone, they contained a design defect which rendered it unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use. A safer alternative design existed, which in all reasonable probability, would have prevented or significantly reduced the risk of the occurrence and injuries in question without substantially impairing the tires' utility, which safer alternative design was economically and technologically feasible at the time the tires left the control of Firestone by the application of existing or reasonably achievable scientific knowledge. Said design defect was a producing cause of the injuries and damages in question.

12.    Regarding the Firestone tires, there was a failure by Firestone to provide adequate warnings of the product dangers that were known or by the application of reasonably developed human skill and foresight should have been known or a failure to give adequate instructions to avoid such dangers, which failure(s) rendered tires unreasonably dangerous as marketed.

## BREACH OF EXPRESS AND IMPLIED WARRANTIES

13.    At the time of tender of delivery of the vehicle in question to Frankie Blackmon Chevrolet, Inc. with the Firestone tires, Firestone made both expressed and implied warranties to consumers, for the use and benefit of all persons who would later use such automobiles, including the Plaintiff. Such warranties included written and implied representations regarding the qualities and characteristics of the tires in question, which representations were untrue. Plaintiff relied upon such representation to his detriment. Defendant breaches of these warranties were a proximate cause of the occurrence and injuries and damages in question.

14.    Firestone breached an express warranty in that the Firestone tires failed to function normally and separated at highway speed, and such failure was a proximate cause of the occurrence

3

and injuries in question.

15.   Firestone breached an implied warranty of merchantability in that the Firestone tires were unfit for the ordinary purposes for which such tires are used because they contained a defect, in other words, a condition of the tires which rendered them unfit for the ordinary purposes for which they are used, because of a lack of something necessary for adequacy.  Said breach was a proximate cause of the occurrence and injuries in question.

## NEGLIGENCE

16.   Plaintiff alleges that Firestone committed acts of omission and commission in designing, testing, evaluating, manufacturing, marketing, and in failing to warn with regard to the Firestone tires, which acts, taken separately or together, constitute negligence.  Such negligent acts or omissions were, in whole or in part, a proximate cause of the occurrence and injuries and damages in question.

17.   Plaintiff alleges that Frankie Blackmon Chevrolet acted negligently in selling the 2001 Isuzu Rodeo with the defective Firestone Tires, and that Frankie Blackmon Chevrolet knew, or should have known, that such tires were a dangerous and defective product that were likely to cause the type of injury Plaintiff incurred.

## POST-SALE FAILURE TO WARN

18.   Firestone was engaged in the business of selling or otherwise distributing Firestone tires and is subject to liability for harm to persons or property, including the Plaintiff, caused by the Defendant's failure to provide a warning of the propensity of the Firestone tires to separate, after the time of sale or distribution of the Firestone tires, when reasonable manufacturers in the Defendant's position would have provided such a warning.

4

19.    The Defendant knew or reasonably should have known that the Firestone tires posed a substantial risk of harm to persons or property; that those to whom a warning might be provided, such as the Plaintiff, could be identified and could reasonably be assumed to be unaware of the risk of harm; that a warning could have been effectively communicated to and acted on by those to whom a warning might be provided; and, that the risk of harm was sufficiently great to justify the burden of providing such a warning.

20.    Instead, Defendant failed to provide any warning of the unreasonably dangerous condition of the tires in question under circumstances where a reasonable manufacturer would have provided such a warning, especially given the Defendant's special knowledge and understanding of the risks and dangers posed by the Firestone tires in question.

21.    Defendant's post-sale failure to warn was a producing and proximate cause of the occurrence and injuries and damages in question.

22.    Plaintiff alleges that Firestone and Frankie Blackmon Chevrolet failed to war Plaintiff that the Firestone tires on his 2001 Isuzu Rodeo were dangerous, and were included in a recall by firestone due to their propensity to separate at its tread and caused injury.

## DAMAGES

23.    Pinkerton has suffered physical pain and mental anguish, for which he is entitled to recover.

24.    As a result of the actions or inactions of Defendant, Pinkerton has suffered mental anguish, loss of income, pain and suffering, loss of enjoyment of life, property damage, and other damages to be named. These damages are suffered presently, have been suffered in the past, and, in all reasonable probability, will continue to be suffered in the future.

5

## INTEREST

25.    Plaintiff seeks pre-judgment and post-judgment interest at the maximum rate allowed

by law,

## ATTORNEY'S FEES

26.    Plaintiff seeks recovery of his reasonable and necessary attorneys' fees.

## JURY TRIAL

27.    Plaintiff requests a jury trial of the above-entitled lawsuit.

## DEMAND

28.    Plaintiff demands judgment from Defendant in an amount set by a jury to be proven at

trial.

Respectfully submitted, this the ____/____ day of February, 2007.

MICHAEL PINKERTON

BY: _____

Brandon Scott Leslie
MS BAR NO.102171
ATTORNEY FOR PLAINTIFF
OF COUNSEL:
Shelton and Associates, P.A
P.O. Box 1362
218 N. Spring St.
Tupelo, Mississippi 38802-1362